**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LOUIS DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-2131-DWD** |
| | ) | |
| **AUSTIN LESLIE, JOSH TELLENFSEN, UNKNOWN AND UNNAMED OFFICERS EMPLOYED BY CITY OF CENTRALIA OR OTHER NON-FEDERAL POLICE AGENCIES, and USA,** | ) ) ) | |
| | | |
| **Defendants.** | | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court on the Motion to Dismiss filed by the Unknown and Unnamed Officers Employed by the City of Centralia on statute-of-limitations grounds. Although the motion was not filed on behalf of the Unknown and Unnamed Officers of Other Non-Federal Police Agencies, the same argument applies with equal force to them. The Court therefore addresses the motion as to all unnamed non-federal officers. For the reasons set forth below, the Motion is due to be **GRANTED.**

## I. BACKGROUND

Plaintiff filed the original complaint on September 5, 2024, naming Austin Leslie, Josh Tellenfsen, "and Unknown and Unnamed Officers Employed by the City of Centralia or Other Police Agencies." (Doc. 1). The complaint brought a single claim against Leslie, Tellenfsen, and "Unknown Individual Defendants" for excessive force.

The First Amended Complaint, filed April 7, 2025, again named "Unknown and Unnamed Officers Employed by the City of Centralia or Other Police Agencies" i(Doc. 28). The First Amended Complaint brought claims against Leslie, Tellenfsen, and "Unknown Individual Defendants" for excessive force (Count 1); Leslie, Tellenfsen, and "All Individual Known and Unknown Defendants" for wrongful entry into Plaintiff's residence and wrongful arrest and/or detention (Count II); and the United States for the actions of the "Individual US Marshalls" for false arrest/imprisonment, illegal entry, and assault and battery (Count III). (Doc. 28).

The Second Amended Complaint, filed October 27, 2025, names "Unknown and Unnamed Officers Employed by the City of Centralia or other Non-Federal Police Agencies," and brings the following claims: (1) Count 1, 42 U.S.C. 1983 claim for excessive force against Leslie, Tellenfsen, and Unknown and Unnamed Officers Employed by the City of Centralia or Other Non-Federal Police Agencies; (2) 42 U.S.C. § 1983 claim for unlawful entry into Plaintiff's residence against Leslie, Tellenfsen, and Unknown and Unnamed Officers Employed by the City of Centralia or other Non-Federal Police Agencies; (3) 42 U.S.C. § 1983 claim for wrongful arrest/detention against Leslie, Tellenfsen, and Unknown and Unnamed Officers Employed by the City of Centralia or Other Non-Federal Police Agencies; and (4) false imprisonment against the United States for the actions of individual U.S. Marshalls. (Doc. 52).

In each complaint, Plaintiff alleges the events giving rise to the claims occurred on September 13 or 14, 2022. (Docs. 1, 28, 52). Defendants move to dismiss the claims against the unnamed officers as barred by the two-year statute of limitations applicable to § 1983

actions in Illinois. Plaintiff does not argue that a different limitations period applies to § 1983 claims. Instead, Plaintiff invokes the doctrine of equitable tolling in an attempt to avoid a with-prejudice dismissal of the unknown defendants. Specifically, Plaintiff states that he does not object to dismissing claims against the unknown defendants *without prejudice* but opposes dismissing them *with prejudice* on the ground that, sometime in the future "facts could come to light identifying such defendants and demonstrating that the statute of limitations qualifies to be tolled." (Doc. 59, pg. 3). As such, Plaintiff contends, the dismissal should be without prejudice to allow for amendment should such facts materialize. Plaintiff offers no hypothesized facts, and no present theory of diligence or extraordinary circumstances, in support of his position.

## II. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) when it is clear from the face of the pleading that the claim is time-barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). The statute of limitations is an affirmative defense that a plaintiff need not anticipate. *Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012). Dismissal at the pleading stage remains appropriate, however, when the complaint itself supplies the facts necessary to establish the defense. *Id.*; *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

## III. ANALYSIS

Section 1983 claims filed in Illinois are subject to a two-year limitations period. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); 735 ILCS 5/13-202. A claim accrues

when the plaintiff knows or should know that his constitutional rights were violated. *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002). For false-arrest and excessive-force claims, that date is the date of the arrest or injury. *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997).

On the face of the Second Amended Complaint, the claims accrued on September 13 or 14, 2022. The limitations period therefore expired in September 2024. The original complaint was filed days before expiration of the limitations period, and the Second Amended Complaint was filed more than a year later.

An amendment that adds a new party after the limitations period relates back only if Rule 15(c)(1)(C) is satisfied, including the requirement of a "mistake concerning the proper party's identity." Naming a John Doe defendant because the plaintiff does not know the officer's identity is not a mistake. *Herrera v. Cleveland*, 8 F.4th 493, 498–99 (7th Cir. 2021); *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012). "[S]uing a John Doe defendant is a conscious choice, not an inadvertent error." *Herrera*, 8 F.4th at 499. As the Seventh Circuit has explained, once the limitations period expires, a plaintiff "cannot amend his complaint to substitute a new party in place of 'John Doe.'" *Gomez*, 680 F.3d at 864 n.1. Placeholder defendants "do[] not open the door to relation back under FED. R. CIV. P. 15, nor can [they] otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

Plaintiff contends that his claims against the unknown defendants could be salvageable under the doctrine of equitable tolling. But Plaintiff does not argue that tolling applies on the present record. Plaintiff argues only that the unnamed officers

should remain available so that, if they are later identified, Plaintiff can then attempt to show that tolling is warranted. In essence, Plaintiff is asking to use Doe placeholders to extend the limitations period. Parties, however, may not "use unknown or 'John Doe' defendants to extend the statute of limitations indefinitely." *Mohammed v. WestCare Found., Inc.*, No. 17 C 7492, 2019 WL 296563, at *2 (N.D. Ill. Jan. 23, 2019) (quoting *Gomez*, 680 F.3d at 864 n.1). *See also Hall v. Norfolk Southern Ry. Co.,* 469 F.3d 590, 596 (7th Cir. 2006) (plaintiffs bear the burden of determining the proper parties responsible for their injuries and doings so before the statute of limitations expires).

Equitable tolling "is rare." *Herrera*, 8 F.4th 493, 499. Because the Court applies Illinois's limitations period for these claims, it also applies Illinois's equitable-tolling rules.[1] Illinois requires both diligence and an extraordinary circumstance that prevented a timely suit. *Clay v. Kuhl*, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000); *Thede v. Kapsas*, 386 Ill. App. 3d 396, 403, 897 N.E.2d 345, 352 (2008). "And it is the plaintiff's burden to show 'he diligently pursued the claim and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations.'" *Herrera*, 8 F.4th at 499.

Plaintiff points to *Watkins v. Mohan,* 144 F.4th 926 (7th Cir. 2025). In *Watkins,* the Seventh Circuit cautioned that a limitations dismissal at the pleading stage is "especially likely to be erroneous" when equitable tolling is raised on an undeveloped record. 144

[1] *See Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Savory v. Lyons*, 469 F.3d 672 (7th Cir. 2006). Under Illinois law, equitable tolling "may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Clay*, 189 Ill. 2d at 614. Extraordinary barriers include "legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of a proper defendant through the exercise of due diligence." *Williams v. Bd. Of Review*, 241 Ill. 2d 352, 360-61 (2011). The doctrine is recognized but "rarely applied." *American Family Mut. Ins. Co. v. Plunkett,* 383 Ill.Dec. 393, 14 N.E.3d 676, 681 (Ill. App. 2014*)*.

F.4th 926, 942 (7th Cir. 2025). The Appellate Court explained that a plaintiff may "hypothesize facts that if proven would establish the timeliness of his complaint." *Id.* If those hypothesized facts might satisfy the tolling test on a full record, the claim is not "indisputably time-barred" and Rule 12(b)(6) dismissal is premature. *Id.*

*Watkins* requires a hypothesized theory. Plaintiff offers no hypothesis. He alleges no course of diligence. He alleges no concealment, blocked discovery, disability, or other extraordinary barrier. His entire argument is that identification and facts warranting tolling, might someday exist. That is not the showing *Watkins* describes. A plaintiff cannot keep a time-barred claim alive by simply naming the doctrine. *See* e.g., *Mohammed*, 2019 WL 296563, at *2–4 (unknown jail employees; request for more time and discovery; remaining claims dismissed with prejudice); *Terry v. Chi. Police Dep't*, 200 F. Supp. 3d 719, 724–27 (N.D. Ill. 2016) (equitable tolling argument insufficient as to yet-to-be identified defendants); *Flowers v. Stec*, No. 20-cv-6498, 2023 WL 15474, at *3–5 (N.D. Ill. Jan. 2, 2023) (rejecting undeveloped equitable tolling argument). *See also Draper v. Martin*, 664 F.3d 1110, 1113 n.5 (7th Cir. 2011) (undeveloped equitable-tolling argument, unsupported by citations or analysis, deemed waived); *Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783-84 (7th Cir. 2014) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (citation omitted).

Had Plaintiff hypothesized facts that, if proven, could satisfy the tolling test, deferral might be required under *Watkins*. But Plaintiff hypothesized none and offers only

a perfunctory argument as to equitable tolling. The claims against the unidentified defendants are therefore indisputably time-barred and are dismissed with prejudice.

## IV. CONCLUSION

Defendants' motion to dismiss (Doc. 55) is **GRANTED**. Counts I through III against "Unknown and Unnamed Officers Employed by the City of Centralia or Other Police Agencies" are **DISMISSED** with prejudice.

**SO ORDERED.**

Dated: September 29, 2026

DAVID W. DUGAN
United States District Judge